IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE CONLEY )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>ERIE COUNTY COURTHOUSE, et al. )<br>    Defendants. ) | C.A.No. 07-309 Erie<br><br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for plaintiff's failure to prosecute.

**II    REPORT**

Plaintiff, an inmate at the Erie County Prison, in Erie, Pennsylvania, filed this civil rights action on November 6, 2007. By Order of this Court dated November 7, 2007, Plaintiff was directed to provide this Court with a certified copy of his institutional account statement in order to support his pending motion for leave to proceed in forma pauperis. Plaintiff was directed to provide that documentation to the Court before November 26, 2007. To date, no response has been received.

By Order dated November 30, 2007, this Court directed Plaintiff to show cause for his failure to prosecute this action before December 11, 2007. That order warned that Plaintiff's failure to comply would result in the dismissal of this action for failure to prosecute. To date, no response has been received.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Correctional Officer., 747 F.2d 863 (3d Cir. 1984). The court

must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored two orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: December 13, 2007